UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Doran MGRB II, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>New Hampshire Insurance Company of Pa,<br><br>    Defendant. | Case No. _____<br><br>**COMPLAINT** |

Doran MGRB II, LLC ("Plaintiff" or "MGRB"), for its Complaint against New Hampshire Insurance Company of Pa ("Defendant" or "NHIC"), by and through its attorneys, states and alleges as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. Plaintiff is a Minnesota limited liability company. For purposes of diversity jurisdiction, Plaintiff's members (through the entire chain of ownership) are either citizens of Minnesota or, in one instance, Arizona.

2. NHIC is a corporation incorporated in Illinois, with its principal place of business in Chicago, Illinois. NHIC is an insurance company authorized to transact business in Minnesota.

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy, exclusive of interest and costs, exceeds $75,000 and there is complete diversity of citizenship between Plaintiff and Defendant.

4. Venue is proper pursuant to 28 U.S.C. § 1391(a)(1) and (a)(2) because the insurance policies at issue were negotiated and entered in Minnesota, the underlying claims for which

1

Plaintiff seeks insurance coverage were made in Minnesota, and the real property that is the subject of the insurance policy at issue and claim at issue is located in Hennepin County, Minnesota.

## GENERAL ALLEGATIONS

5.  This dispute concerns construction of a four-story, 151-unit, wood-framed, multifamily apartment building known as the Reserve at Arbor Lakes Building II also known as Maple Grove Building II ("Project") located in Maple Grove, Minnesota.

6.  NHIC, for and in consideration of a valuable premium, insured Doran Companies, LLC pursuant to a Master Builder's Risk Policy, Policy No. 0245 472 92 and various associated Project Certificates, including Project Certificate No. 0245 472 94 ("Policy").

7.  The Policy was a "Builders' Risk" policy covering various construction projects, including the Project.

8.  Plaintiff is the owner of the Project and is an Additional Insured pursuant to the Policy.

9.  The Policy is an "all risks" policy and obligates NHIC to pay Plaintiff, among other things, the cost of remediating damage caused by a Covered Cause of Loss and lost rental income caused by a Covered Cause of Loss.

10. On or about March 5, 2019, while the Project was still being constructed and the roof was not yet installed, a significant snow event occurred which resulted in water intrusion at the Project. The water and associated moisture impacted exposed building materials on all levels of the partially-constructed Project.

11. Work temporarily stopped on the affected areas of the Project while the damage resulting from the water intrusion was investigated and, ultimately, remediated.

12. As a result of these events, construction was delayed along with the date Plaintiff was able to lease units and begin collecting rent, resulting in a loss of rental income under the Policy.

13. The contractor, Doran Companies, tendered a claim to NHIC for the cost of remediating the damage to the Project.

14. NHIC accepted and paid Doran Companies' claim.

15. Plaintiff duly and timely tendered a claim to NHIC for loss of rental income under the Policy due to the resulting construction delays to the Project.

16. NHIC has refused to pay Plaintiff the loss of rental income and other amounts due to be paid to Plaintiff under the terms of the Policy.

## COUNT I: DECLARATORY JUDGMENT

17. Plaintiff reasserts and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

18. Plaintiff seeks a judicial declaration of its and NHIC's rights, duties, and obligations under the Policy.

19. There is a justiciable controversy between Plaintiff and NHIC with respect to the extent of coverage required under the Policy.

20. A judicial declaration is necessary and appropriate at this time so Plaintiff and NHIC may ascertain their rights, duties, and obligations under the Policy.

## COUNT II: BREACH OF CONTRACT

21. Plaintiff reasserts and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

22. NHIC's refusal to pay the amount due to Plaintiffs under the Policy constitutes a breach of the Policy, a written contract.

23. Due to NHIC's failure to perform its obligations under the Policy, Plaintiff has incurred expenses and suffered damages in excess of $75,000, exclusive of interest and costs.

**WHEREFORE**, Plaintiff Doran MGRB II, LLC requests judgment of the Court as follows:

1. With respect to Count I, a declaration regarding the rights, duties, and obligations of Defendant New Hampshire Insurance Company of Pa, including specific findings and declarations that it has a duty to cover (and pay) the loss of rental Income incurred by Plaintiff.

2. With respect to Count II, judgment against Defendant New Hampshire Insurance Company of Pa for the full, fair, and reasonable amount of Plaintiff's damages caused by Defendant's breach of contract, together with interest, reasonable fees and costs as provided by law, and for such further relief as the Court deems just.

3. Such other and additional relief as the Court deems just and equitable.

**FABYANSKE, WESTRA, HART & THOMSON, P.A.**

Dated: September 7, 2021    By:    /s/ Jesse R. Orman
Dean B. Thomson (#141045)
Jesse R. Orman (#310244)
Lucas T. Clayton (#0391052)
333 South Seventh Street, Suite 2600
Minneapolis, MN 55402
(612) 359-7600 (P)
(612) 359-7602 (F)
dthomson@fwhtlaw.com
jorman@fwhtlaw.com
lclayton@fwhtlaw.com

**ATTORNEYS FOR PLAINTIFF DORAN MGRB II, LLC**